UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-4087 |
| | § | |
| LAWRENCE RASCHE, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the court are defendant's motions to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), improper venue under FED. R. CIV. P. 12(b)(3), and for failure to state a claim under FED. R. CIV. P. 12(b)(6). Dkt. 5. In the alternative, defendant seeks a transfer of venue to the United States District Court for the Southern District of Indiana, Evansville Division. After a review of the complaint, defendant's motion, plaintiff's response, and the applicable law, the court is of the opinion that each of these motions should be DENIED.

## I. BACKGROUND

**1.    The complaint**

Plaintiff American General Life Insurance Company ("American General") alleges that defendant Lawrence Rasche was its agent, and that, pursuant to a "General Agent Contract" signed by the parties, Rasche agreed that any disputes arising out of the contract would be governed by the laws of Texas. Dkt. 1 at ¶ 7. Defendant marketed American General life insurance policies to his customers, and sold two policies, policy numbers A70016461L ("Horn Policy") and A70018107L ("Alt Policy"), that are the source of this dispute. *Id* at ¶ 8. Defendant earned commissions on the

sale of these policies pursuant to the General Agent Contract, but since those commissions were paid by American General, the Horn Policy has been classified as "not taken out" and the Alt Policy has lapsed due to nonpayment.  *Id*. at ¶ 9  The General Agent Contract requires defendant to return any unearned commissions paid to him in the event that American General returns premiums to the policy owner.  *Id*. at ¶ 10.  American General alleges that it returned premiums with respect to both the Horn and Alt policies, but that defendant has refused to repay the commissions he received for those policies, totaling $224,741.20.  *Id*.  Plaintiff filed suit alleging breach of contract and breach of fiduciary duty seeking repayment of the commissions plaintiff paid defendant on the sale of the Horn Policy and Alt Policy.  *Id*. at ¶ ¶ 12, 15.  American General seeks to recover both for breach of contract, and for a breach of fiduciary duty.  *Id*.

**2.      The motion to dismiss or to transfer venue**

Defendant Rasche has filed a motion to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(3) for improper venue. Defendant also moves to dismiss the breach of fiduciary duty claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Alternatively, defendant seeks to transfer venue to the United Sates District Court for the Southern District of Indiana, Evansville Division.

**II. ANALYSIS**

**1.      Lack of Personal Jurisdiction**

*A.      Standard of Review*

A court must dismiss an action when it lacks personal jurisdiction over the defendant.  FED. R .CIV. P. 12(b)(2).  When a district court rules on personal jurisdiction without an evidentiary hearing, as is the case here, the plaintiff must make a *prima facie* showing of jurisdiction. *Johnston*

*v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  In deciding whether to exercise personal jurisdiction, the court can consider the entire contents of the record, including affidavits. *Paz v. Bush Engineered Metals, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).  The court must resolve all conflicts in the evidence in favor of the plaintiff and accepts as true all of the plaintiff's uncontroverted allegations.  *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

In a diversity action, a federal court may exercise personal jurisdiction over a nonresident defendant if:  (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with due process under the U.S. Constitution.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).  The two-step personal jurisdiction inquiry collapses into one federal due process analysis because the Texas long-arm statute extends to the limits of federal due process.  *Johnston*, 523 F.3d at 609.  "To satisfy the requirements of due process, the plaintiff must demonstrate:  (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'"  *Mullins*, 564 F.3d at 398 (internal quotations omitted).

A forum state may exercise specific jurisdiction over a nonresident defendant "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997).  The court considers whether the defendant has purposefully availed himself of the laws of the forum state and could reasonably anticipate being sued there.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481–82, 105 S. Ct. 2174 (1985).

B.    *Relevant Facts*

Defendant Rasche is a resident of Indiana, and he entered into the General Agent Contract with plaintiff, a Texas corporation.  Dkt. 1.  The General Agent Contract provides, *inter alia*,  that any "unearned" compensation Rasche may receive arising from "premiums or payments returned to policy or contract owners" is to be repaid immediately to American General.  *Id.* at 9.  American General is a Texas corporation with its principal place of business in Texas.  *Id.*  The General Agent Contract contains the following arbitration provision:

> **a**.    Any and all disputes arising under this Contract shall be settled in Houston, Texas, or such other place as may be mutually agreed upon by the parties, under the rules of the American Arbitration Association, and judgment may be entered upon the award in any court of competent jurisdiction.

> **b**.    The arbitrator will decide the dispute in accordance with the substantive law of Texas.

Dkt. 15-2 at 15.

Rasche sold insurance policies pursuant to the General Agent Contract with American General, and received commissions on those sales, for fifteen years.  Dkt. 15, Ex. A, ¶ 4.  The claims in this case arise under the "unpaid commissions" provision of the General Agent Contract.  Dkt. 1.  However, the Horn Policy and Alt Policy were signed in Kentucky and Michigan, respectively.  Dkt. 5.

C.    *Analysis*

The mere act of contracting with a resident of the state is, without more, insufficient to confer personal jurisdiction.  *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004); *ICEE Distribs., Inc. v. J & J Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir. 2003);  *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999).  However, the General Agent

Contract between plaintiff and defendant also contains a choice of law clause stating that Texas law shall govern all disputes arising thereunder.  Dkt. 15 -2 at 9.   This choice-of-law provision may provide guidance, but it is also not dispositive in determining whether personal jurisdiction exists or is lacking, and it is not weighed as heavily as a forum selection clause.  *Rimkus Consulting Group, Inc. v. Cammarata*, No. H-07-0405, 2007 WL 1520993, at *7 (S.D.Tex. 2007) ("A choice-of-law provision by itself is insufficient to create personal jurisdiction ... but it is nonetheless a factor in the minimum-contacts analysis.").

Defendant Rasche argues that his contacts with Texas arising from the General Agent Contract with American General are not sufficient to give this court specific personal jurisdiction over him, and he cites *Holt Oil & Gas Corp. v. Harvey* for the proposition that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Holt Oil & Gas Corp. v. Harvey* 801 F.2d 773, 778 (5th Cir. 1986).  Furthermore, Rasche points out that the Fifth Circuit "has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." *Freudensprung v. Offshore Technical Services, Inc.*, 379 F3d. 327, 344 (5th Cir. 2004).  Similarly, in *Stuart v. Spademen*, the Fifth Circuit held that personal jurisdiction was lacking where the nonresident defendant entered into contracts with Texas residents, shipped products to Texas, was a party to a contract that was to be governed by the laws of Texas, and marketed his product in Texas.  *Stuart v. Spademen*, 772 F.2d 1185, 1192-94 (5th Cir. 1985).  The court in *Stuart* found that the nonresident did not intend to avail himself to

the privileges of doing business in Texas, and therefore, specific jurisdiction was lacking. *Id.* Rasche contends that these cases are directly on point, because although he entered into a contract with Texas corporation, he could not have anticipated being hailed into court in Texas, particularly where the underlying sales of insurance policies occurred in Kentucky and Michigan, and therefore were not directed at Texas. *Id.*

Defendant's reliance on *Holt* and *Stuart* is understandable, but misplaced. While defendant is correct that the contractual relationship, the course of dealings between the parties over 15 years, and the contractual choice of law provision, are not sufficient to support a finding of specific jurisdiction in this case, this case is distinguishable from *Holt* and *Stuart* because neither of those cases involved an agreement by the defendant to submit to arbitration in a particular forum.

A litigant can be found to have impliedly accepted personal jurisdiction in a forum by agreeing to arbitrate there. *Burger King*, 471 U.S. at 472 n. 14; *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S. Ct. 2099 (1982). In this case, the General Agent Contract contains Rasche's *express agreement* to settle all disputes through arbitration in Houston, Texas. Dkt. 15-2 at 15. Any appeal from an arbitration held in Houston would obviously be to a Texas court. Therefore, the court concludes that defendant Rasche impliedly consented to the exercise of this court's jurisdiction by explicitly agreeing to arbitrate any dispute under the General Agent Contract in Houston, Texas. *Id.*

Defendant argues that the arbitration clause was not invoked and therefore should not be considered. However, the parties' failure to invoke the arbitration clause is irrelevant to the personal jurisdiction inquiry. The personal jurisdiction analysis focuses on whether the defendant could reasonably foresee being hailed into a Texas court. By agreeing to arbitrate in Houston, Texas,

Rasche purposefully availed himself of the protections of Texas law and, accordingly, he could reasonably foresee being sued here. *Burger King*, 471 U.S. at 472 n. 14. Therefore, the contract in this case does provide the type of specific, forum-related action necessary to satisfy the minimum contacts analysis.

The court finds that specific personal jurisdiction is proper over the defendant[1]. Defendant's motion to dismiss under FED. R. CIV. P. 12(b)(2) is DENIED.

**2.     Improper Venue**

    *A.     Standard of Review*

Once a defendant raises the issue of improper venue under FED. R. CIV. P. 12(b)(3), the plaintiffs have the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)). To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat a plaintiff's assertion of venue. *Id.* Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue. FED. R. CIV. P. 12(b)(3); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

---

[1] The court need not address the issue of general jurisdiction after a finding of proper specific personal jurisdiction over the defendant.

> B.      *Analysis*

According to 28 U.S.C.A. § 1391(a), venue is proper in a diversity action in:

> (1) a judicial district where any defendant resides, if all defendants reside in the
> same State, (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is commenced, if there is no
> district in which the action may otherwise be brought.

28 U.S.C.A. § 1391(a).  Defendant Rasche argues that venue is not proper in the Southern District

of Texas because he is a citizen of Indiana and does not reside in Texas.  Dkt. 5.  Further, Rasche

argues that no substantial part of the events or omissions giving rise to the claim occurred in Texas

because the Horn Policy and Alt Policy were marketed to, sold, and signed in Kentucky and

Michigan.  *Id.*  American General responds that venue is proper in the Southern District of Texas

because a substantial part of the events or omissions giving rise to plaintiff's claim occurred in this

district and the effects of defendant's refusal to return unpaid commissions were felt by plaintiff in

Houston, Texas.  Dkt. 15.  Further, plaintiff argues that the Horn and Alt policies are not the

operative agreements in this case, and that the question in this case is whether Rasche violated the

terms of the General Agent Contract Rasche entered into with American General.

The court agrees that, although the Holt Policy and Alt Policy are relevant to this case, the

place where those policies were signed is not controlling for purposes of venue.  Rather, the General

Agent Contract entered into with a Texas corporation is the source of American General's right to

relief, and Rasche's alleged failure to repay unearned commissions thereunder is the omission giving

rise to American General's claim.  This omission occurred when American General failed to receive

repayment of the commission at its office in Houston, Texas.  The court finds, therefore, that a

substantial part of the events giving rise to this case occurred in this district, and American General

8

has therefore met its burden of proof in showing that venue is proper in the Southern District of Texas.  See *TruServ Corp. v. Neff*, 6 F.Supp.2d 790, 792 (N.D.Ill. 1998) (in suit alleging breach of guaranty agreement, finding venue proper in district where payment was to be made).

Defendant's motion to dismiss under FED. R. CIV. P. 12(b)(2) is DENIED.

## 3.      Failure to State a Claim

### A.      *Standard of Review*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 554 (internal citations omitted). The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id.*

*B.      Analysis*

Under Texas law, the elements of a breach of fiduciary duty claim are:  (1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach.  *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.-Dallas 2006, pet. denied); *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex.App.-Texarkana 2004, no pet.).  A fiduciary relationship may be created by contract.  *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 698 (Tex.App.-Fort Worth 2006, pet. denied).  Here, American General alleges breach of a fiduciary duty arising from defendant's failure to repay unearned commissions pursuant to the General Agent Contract.  Dkt. 15.  Rasche argues that the contract itself does not impose a fiduciary duty, but instead provides that the "relationship between [American General] and [defendant Rasche] shall be that of principle and independent contractor . . . [n]othing contained herein shall be construed as creating the relationship of partnership, joint venture, franchise, or employer and employee for any purpose, including tax purposes."  *Id*.  The contractual provision does not explicitly state that no fiduciary relationship exists, however, and Texas imposes upon an insurance agent a fiduciary duty of good faith and fair dealing in all transactions on the insurer's behalf.  *American Indem. Co. v. Baumgart*, 840 S.W.2d 634, 639 (Tex.App.-Corpus Christi 1992, no writ).  Thus, American General has alleged a facially plausible fiduciary duty claim, and the motion to dismiss is DENIED in this respect.

4.        **Motion to Transfer Venue**

     *A.        Standard of Review*

Defendant moves to dismiss this case on the basis of the doctrine of *forum non conveniens*. Dkt. 5 at 11.  He asserts that an alternate, adequate forum exists in the United States District Court for the Southern District of Indiana.  As plaintiff notes, the doctrine of *forum non conveniens* has been superseded by 28 U.S.C. § 1404(a) with respect to transfers of venue within the federal court system, so that *forum non conveniens* only applies in cases where the alternative forum is abroad. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996).  The court will interpret defendant's argument as if it had been properly asserted pursuant to Section 1404, and seeking transfer rather than dismissal.

When venue is proper in a given district, a court may transfer to another appropriate forum "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a). Whether a transfer is indicated is "a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all the factors."  *Humble Oil & Refining Co. v. Bell Marine Svc.*, 321 F.2d 53, 57 (5th Cir. 1963).  No one factor is given dispositive weight.  *In Re: Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004).

As a threshold matter, the court must determine whether the case could have been brought originally in the Southern District of Indiana.  A diversity action may be brought where any defendant is subject to personal jurisdiction if all defendants reside in the same state.  28 U.S.C. § 1391(a)(1).  This requirement is satisfied  because Defendant is a resident of Indiana.

Next, the court must weigh the factors for and against transfer.  The Supreme Court has given the court some guidance with regard to the factors it should consider, although no single factor is

dispositive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 259 n.6 (1981). The court must consider both private and public interest factors in making its determination. *Volkswagen I*, 371 F.3d at 203. The private interest factors consist of: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; 4) all other practical problems that make trial of a case easy, expeditious and inexpensive; and 5) the plaintiff's choice of forum. *Id.*; *In re Horseshoe Entm't*, 337 F.3d at 434. The public interest factors consist of: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; 4) the avoidance of unnecessary problems of conflict of laws; and 5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Volkswagen I*, 371 F.3d at 203; *Piper Aircraft*, 454 U.S. at 241.

> B.    *Analysis*

The plaintiff chose the Southern District of Texas as the forum for this suit. Thus § 1404(a) requires that defendant show good cause in order to effect a transfer. *In re Volkswagen of America, Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (2008) (citing *Humble Oil*, 321 F.2d at 56). "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting § 1404(a)). "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

Plaintiff's choice of this court as the forum for this case carries great weight. The only sources of proof in this case are the contract between plaintiff and defendant, and any records

reflecting the sales made by Rasche and the commissions paid by American General.  These are easily obtained in either jurisdiction, making this factor neutral.  Rasche asserts that the customers who took out the two policies at issue would likely be witnesses, but the court is not convinced this is necessary because the only issue would appear to be whether the policies were cancelled.  And, in any event, what information is needed from those non-parties can be obtained by deposition.  Finally, each forum would be equally inconvenient for one of the parties, making this factor neutral as well.

The only relevant public factor also weighs in favor of denying transfer.  The General Agent Contract signed by plaintiff and defendant contains a choice of law clause provision stating that Texas law shall govern any disputes arising thereunder.  This court is more familiar with Texas law than is the United States District Court for the Southern District of Indiana.

Defendant has failed to carry his burden to show good cause for Section 1404 transfer. Accordingly, defendant's motion to transfer venue to the Southern District of Indiana is DENIED.

### III. CONCLUSION

Considering the law and the evidence presented, defendant's motion to dismiss for lack of jurisdiction and for improper venue are DENIED.  Defendant's motion to dismiss the fiduciary duty claim is DENIED, and defendant's motion to dismiss on the basis of *forum non conveniens*, which the court treats as a motion to transfer venue pursuant to 28 U.S.C. § 1404, is also DENIED.

Signed at Houston, Texas on March 22, 2011

_____
Gray H. Miller
United States District Judge

13